UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HOWARD E. LEVENTHAL,

        Petitioner,

v.                                  Case No. 25-cv-525-pp

MICHAEL KENITZ, CHRISTY KNOWLES
and JARED HOY,

        Respondents.

**ORDER REQURING PETITIONER TO FILE AMENDED *HABEAS* PETITION**

      On April 10, 2025, the petitioner—who currently is incarcerated in the Ozaukee County Jail and is representing himself—filed a four-page petition for a writ of *habeas corpus* under 28 U.S.C. §2254 and a sixteen-page brief in support of the petition. The petitioner paid the $5 filing fee. Prior to filing the petition in this case, the petitioner had filed a petition under 28 U.S.C. §2241, challenging his pretrial detention on charges of stalking and violating no-contact orders in four Ozaukee County Court cases. Leventhal v. Johnson, Case No. 21-cv-507, Dkt. No. 1. In that prior federal case, Judge Griesbach adopted the magistrate judge's report and recommendation (Id. at Dkt. No. 10) and dismissed the petition, finding that the petitioner's challenges to his extradition from Illinois did not present an exception to the Younger abstention doctrine, the time for challenging the extradition had lapsed and the challenge did not concern a federal question. Id., Dkt. No. 15.

1

### I.   Background

In the instant petition, the petitioner refers to two cases: "Case 1" involves a stalking conviction in Ozaukee County Case No. 21CF16 and his revocation judgment; "Case 2" involves ongoing criminal proceedings in Ozaukee County Case No. 24CF261. Dkt. No. 1 at 2. In Case 1, the petitioner challenges the validity of his conviction and his revocation. Id. It appears that in that case, the petitioner entered a no contest plea and the circuit court sentenced him to three years of probation. State v. Leventhal, Case No. 2021AP1184-CR, 2023 WL 2669688, *1 (Wis. Ct. App. Mar. 29, 2023). On December 20, 2023, the circuit court entered an amended judgment of conviction following revocation of the petitioner's probation. See electronic docket available at wcca.wicourts.gov. It appears that on January 15, 2025, the Wisconsin Court of Appeals affirmed the revocation of the petitioner's probation, State v. Leventhal, Case No. 2024AP95-CR, 2025 WL 97836, *1 (Wis. Ct. App. Jan. 15, 2025), and the Wisconsin Supreme Court denied review on February 12, 2025. State v. Leventhal, Case No. 2024AP1665-CR, 2025 WL 803385, *1 (Wis. Feb. 12, 2025).

Regarding Case 2, the petitioner says that he is a pretrial detainee and that he wants the court to order the judge to enjoin any further prosecution. Dkt. No. 1 at 1, 4. Case 2 is scheduled for a jury trial on June 2, 2025. State v. Leventhal, Case No. 2024CF261 (Milwaukee County Circuit Court), available at wcca.wicourts.gov. The petitioner asserts "absolute judicial immunity," "rendering appeal meaningless," double jeopardy, unlawful pretrial detention,

2

speedy trial denial and vindictive prosecution. Dkt. No. 1 at 3. He admits that he has "filed habeas petitions in both Case 1 and 2 contemporaneously with this federal habeas petition, in the Wisc. Court of Appeals." Id. at 2.

For relief, the petitioner asks the court to declare that his acts in both cases were privileged and immune from prosecution, that the no contest plea in Case 1 was "constitutionally infirm, null and void," that the probation revocation statute is unconstitutional and that his conviction in Case 1 is null and void. Id. at 3-4. The petitioner seeks an injunction barring further state detention without advance permission of this court, barring the state from refiling charges on the same or similar conduct and preventing the state from initiating punitive action. Id. Finally, the petitioner asks this court to order the circuit court judge to enjoin further prosecution and to refer the state actors to the U.S. Attorney General under the "RICO Act Civil Investigative Demand." Id. at 4.

The petitioner's sixteen-page brief in support of his petition explains why he believes his conduct was not criminal and how he believes that his rights have been violated. Dkt. No. 2. Among other things, he alleges that his sentencing after revocation was an "unconstitutional nullity" that violated the double jeopardy clause. Id. at 12. He alleges that Case 2, which remains pending, threatens "quadruple jeopardy for prospective Punishment #4." Id. at 14. Because he believes that Case 2 is "moot and barred" by "absolute judicial privilege and immunity," he asserts that holding him in detention violates his Fourth and Eighth Amendment rights. Id. He also believes that under the

3

"Intrastate Detainer Act," Wisconsin law and the federal Constitution, the circuit court judge was required to dismiss Case 2 with prejudice and that the subsequent detention has violated his speedy trial rights. Id. at 14. The petitioner attached 115 pages of exhibits. Dkt. No. 2-2.

On April 14, 2025, the court received from the petitioner a letter advising that he would be filing an addendum to his petition, and that he would be including exhibits, his emergency petition for a writ of prohibition in 2025AP34W, two court of appeals decisions and a "Brady violation item list" in Case No. 24CF261. Dkt. No. 4. He since has filed a twenty-five-page addendum with exhibits, accusing Adam Gerol, Sandy Williams, Sandra Giernoth, Michael Keutitz, Attorney General Josha Kaul and other unnamed co-conspirators of violating his rights under the United States and Wisconsin Constitutions during the pendency of Cases 1 and 2. Dkt. No. 5. Among other things, he cites Brady violations and alleges that "Gerol and cohorts have willfully, deliberately and maliciously acted to prevent [the petitioner's] receipt of proper medical care for a serious and exotic condition known to them since December 2020." Id. at 6. He also accuses DCI Agent James Pertzborn and Racine officers of raiding his home and seizing devices used in his work as an artificial intelligence design engineer on contract to the U.S. Air Force and "pretty much the entire record of [his] assistance since the mid-1990s and of [his] family going back to 19th century Russia." Id. at 9. He values the information and data at $10 million and considers the alleged seizure of the information to be "grand larceny of national defense technology information." Id. at 10.

4

This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases.

**II.     Rule 4 Screening**

A.     Standard

Rule 4 of the Rules Governing Section 2254 Cases provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Generally, a state prisoner must file his *habeas* petition within one year of the state court judgment becoming final. 28 U.S.C. §2254(d)(1)(A). A state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included in his petition an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

B. <u>Analysis</u>

Civil Local Rule 9(a) of the Eastern District of Wisconsin requires that "[a]ll persons applying or petitioning for release from custody under 28 U.S.C. §2241 or 28 U.S.C. §2254, or moving under 28 U.S.C. §2255 must file their application, petition or motion with the Clerk of Court using forms available from the Court." There is a reason for this rule. The court's form guides the petitioner through providing the information that the court needs to evaluate a request for *habeas* relief and to determine whether the petitioner qualifies for that relief. The petitioner did not use the court's form in preparing his petition; the court will require the petitioner to refile the petition using the court's form.

Before the petitioner re-files anything, he should consider the following information. The petition, briefs, exhibits and addendum that he has filed in this case appear to include some claims that may fall under 28 U.S.C. §2254, some that may fall under 28 U.S.C. §2241 and some that may fall under 42 U.S.C. §1983. As the petitioner's filings have continued to trickle in, the scope of the litigation has expanded, making it difficult for the court to determine whether the petitioner has cognizable claims for relief. The information below should help the petitioner determine how to divide up his claims so that the court can better understand them.

Both 28 U.S.C. §2254 and 28 U.S.C. §2241 are federal *habeas* statutes. A person seeks *habeas corpus* relief when that person believes that his detention violates the law and he seeks release from custody.

6

Section 2254 of Title 28 provides the exclusive avenue for relief for a petitioner seeking release by challenging a completed state judgment of conviction. Schuenke v. Jewell, Case No. 23-CV-935, 2023 WL 7112857, *2 (E.D. Wis. Oct. 27, 2023). A petitioner who alleges that his constitutional rights were violated in completed state revocation proceedings should bring a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Darrah v. Johnson, Case No. 24-cv-863, 2024 WL 4835272, *3 (E.D. Wis. Nov. 20, 2024).

The statute that allows a petitioner to seek release by challenging something other than a completed judgment in the state court—such as pretrial detention—is 28 U.S.C. §2241. But federal courts must abstain from interfering with ongoing state court criminal proceedings, as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist. Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43 (1971)). "Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." Id.

The petitioner admits that there is a "new fact allegation in the Case 2 complaint that the State of Wisconsin has not had a full and fair opportunity to fully litigate to final judgment." Dkt. No. 2 at 7. That makes it sound as if the petitioner has not "exhausted" his state-court remedies as to that fact allegation. The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims

7

are presented to the federal courts," so a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Dressler v. McCaughtry, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits"). Courts have applied the exhaustion rule to petitions under both §2241 and §2254. See Neville v. Cavanaugh, 611 F.2d 673, 675 (7th Cir. 1979) ("[T]he doctrine of exhaustion of state remedies . . . applies to pre-trial, as well as post-trial, habeas corpus petitions."). If a petitioner files a claim without first exhausting his state-court remedies, the court must either dismiss that claim or stay the case to allow the petitioner to go back to state court and exhaust it.

Finally, a *habeas* petition—either under §2254 or under §2241—is not the procedural mechanism for someone to use to seek money damages for the fact that jail staff denied him adequate medical care, or the fact that law enforcement allegedly stole his personal property and information. A person who sues for money damages because he believes state actors (like prison staff or state law enforcement officers) violated his constitutional rights must file a civil lawsuit under 42 U.S.C. §1983. That statute allows a person to sue anyone who deprives him of his constitutional rights while acting under color of state law, and to seek money damages for the alleged constitutional violations.

8

The petitioner must file a separate pleading, and a separate case, for each of these three types of claim. The court has separate forms for filing a petition for relief under §2241, filing a petition for relief under §2254 and filing a civil rights lawsuit under 42 U.S.C. §1983. All are available on the court's website, www.wied.uscourts.gov/forms-pro-se-litigants.

The original petition, which the court received on April 10, 2025, is titled "Petition for Writ of Habeas Corpus Under 28 U.S.C. §2254, For Person in Custody of State of Wisconsin." Dkt. No. 1 at 1. The court assumes that the petitioner started out intending to seek release from custody by challenging a completed state-court conviction (the revocation sentence he received in Ozaukee County Case No. 21CF16). The court will require the petitioner to file an amended §2254 petition challenging that sentence, using the court's §2254 form. The petitioner must include all his §2254 claims and arguments related to that sentence in a single, revised petition. He cannot edit his petition piecemeal through addendums and supplemental filings. If the petitioner files a §2254 petition, the proper respondent is not the defendants named in the caption, but the individual who has custody of the petitioner (currently Ozaukee County Sheriff Christy Knowles). See Rule 2 of the Rules Governing Section 2254 Cases.

If the petitioner wishes to challenge his pretrial detention in Case No. 24CF261, he cannot do that in this case. He must file a separate, new, 28 U.S.C. §2241 petition, on the court's §2241 form. And if he wants to sue the named defendants for money damages relating to their alleged denial of

adequate medical care (or if he wants to sue law enforcement for alleged theft of his property and information), he must file a separate, new, §1983 complaint.

### III. Conclusion

The court **ORDERS** that by the end of the day on **May 30, 2025**, the petitioner may file an amended petition for writ of *habeas corpus*. The petitioner must file the amended petition in time for the court to *receive* it by day's end on May 30, 2025. He must file the petition on the court's form (a blank copy of which the court is providing with this order). If the court receives the amended petition by the deadline, the court will screen it to determine whether it states cognizable *habeas* claims. If the court does not receive an amended petition on the court's official form by the deadline, the court will dismiss the petition for failure to comply with the court's order.

Dated in Milwaukee, Wisconsin this 16th day of May, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**