HOWARD E. LEVENTHAL,

     Petitioner,

             Case No. 25-cv-525-pp

  v.

CHRISTY KNOWLES,[1]

     Respondent.

---

**ORDER DENYING PETITIONER'S MOTION TO DEEM BOTH STATE CASES MERGED (DKT. NO. 10), DENYING PETITIONER'S MOTION FOR ORDER DECLARING TWO WISCONSIN CRIMINAL CASES ARE ONE (DKT. NO. 20), DENYING PETITIONER'S MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION (DKT. NO. 13), DENYING PETITIONER'S MOTION TO STAY ALL RULINGS SUBJECT TO AMENDED MOTION FOR INJUNCTIVE RELIEF (DKT. NO. 14), DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 21), DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 31), DENYING PETITIONER'S MOTION FOR ELDER ADULT AT RISK INJUNCTION**

---

[1] The petitioner names as respondents "Michael Kenitz, Christy Knowles + Jared Hoy." The petitions do not explain who "Michael Kenitz" is, but one of the petitioner's many motions identifies Kenitz as "the trial judge." Dkt. No. 17 at 2, ¶5. Christy Knowles is the Ozaukee County Sheriff and oversees the Ozaukee County Jail. ppiloc.co.ozaukee.wi.us. Jared Hoy is the secretary of the Wisconsin Department of Corrections. https://doc.wi.gov/Pages/AboutDOC/ExecutiveLeadership.aspx.

Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts instructs that if the petitioner currently is in custody under a state-court judgment, the "petition must name as respondent the state officer who has custody." Judge Kenitz is not the proper respondent for a petition under 28 U.S.C. §2254, and the court has removed his name as a respondent. The petitioner claims that in "another matter," he was told by the "Wisconsin Att'y Gen'l" that Hoy was the proper respondent "in this instance." Dkt. No. 1 at 1; Dkt. No. 9 at 1. But at the time of this writing, the petitioner is in custody at the Ozaukee County Jail. https://ppiloc.co.ozaukee.wi.us/ (Leventhal, Howard, Booking #2024001435). The "state officer who has custody" of the petitioner is Ozaukee County Sheriff Christy Knowles.

**(DKT. NO. 22), DENYING PETITIONER'S MOTION FOR REMOVAL WARRANT (DKT. NO. 17), DENYING PETITIONER'S MOTION FOR ORDER DECLARING LOSS OF COMPETENCY BY OZAUKEE COUNTY CIRCUIT COURT (DKT. NO. 18), DENYING PETITIONER'S MOTION FOR ORDER DECLARING PROBATION REVOCATION NULL, VOID, AND VACATED (DKT. NO. 19), DENYING PETITIONER'S MOTION FOR COURT ISSUED INTERROGATORY (DKT. NO. 23), DENYING PETITIONER'S MOTION FOR COURT ISSUED CIVIL INVESTIGATIVE DEMAND (DKT. NO. 24), DENYING PETITIONER'S MOTION FOR ORDER DECLARING WIS. STAT. §973.10(2) AND ASSOCIATED ADMIN. CODE UNCONSTITITONAL PER JARKESY (DKT. NO. 26), DENYING PETITIONER'S MOTION FOR SCREENING ORDER AS TO 42 U.S.C. §1983 BASIS FOR CLAIMS (DKT. NO. 27), DENYING AS MOOT PETITIONER'S MOTION TO DELAY SCREEING ORDER (DKT. NO. 29), DENYING PTITIONER'S MOTION FOR DELCARATORY AND INJUNCTIVE RELIEF (DKT. NO. 33), DENYING PETITIONER'S AMENDED PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 9) AND DISMISSING CASE**

On April 10, 2025, the petitioner filed a four-page petition for writ of *habeas corpus*, dkt. no. 1, and supporting brief, dkt. no. 2, referencing two Ozaukee County Circuit Court cases: a conviction in Case No. 21CF16 in which his sentence of probation had been revoked, and an ongoing criminal prosecution in Case No. 24CF261.

On May 16, 2025, the court screened the petition, observing in the screening order that some of the petitioner's claims could fall under 28 U.S.C. §2254, some could fall under 28 U.S.C. §2241 and some could fall under 42 U.S.C. §1983. Dkt. No. 8 at 6. In the May 16, 2025 screening order, the court explained the differences among these three types of proceedings. Id.at 6-7. In the process of explaining that a petitioner who wished to challenge "something other than a completed judgment in the state court—such as pretrial detention" must file a petition under 28 U.S.C. §2241, the court advised the

plaintiff that "federal courts must abstain from interfering with ongoing state criminal proceedings as long as the state court provides an opportunity to raise the federal claims and no 'exceptional circumstances' exist." Id. at 7 (quoting Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009) and Younger v. Harris, 401 U.S. 38, 43 (1971)). Id. The court told the petitioner that federal *habeas* relief for pretrial detainees generally was limited to speedy trial and double jeopardy claims, and then only after the detainee had exhausted his state-court remedies. Id. The court advised the petitioner that he must file a separate pleading, and a separate case, for each of these three types of claims. Id. at 8-9. The court observed that

> The original petition, which the court received on April 10, 2025, is titled "Petition for Writ of Habeas Corpus Under 28 U.S.C. §2254, For Person in Custody of State of Wisconsin." Dkt. No. 1 at 1. The court assumes that the petitioner started out intending to seek release from custody by challenging a completed state-court conviction (the revocation sentence he received in Ozaukee County Case No. 21CF15). The court will require the petitioner to file an amended §2254 petition challenging that sentence, using the court's §2254 form. The petitioner must include all his §2254 claims and arguments related to that sentence in a single, revised petition. He cannot edit his petition piecemeal through addendums and supplemental filings. If the petitioner files a §2254 petition, the proper respondent is not the defendants named in the caption, but the individual who has custody of the petitioner (currently Ozaukee County Sheriff Christy Knowles). See Rule 2 of the Rules Governing Section 2254 Cases.

Id.at 9. The court told the petitioner that if he wanted to challenge is pretrial detention in ongoing Case No. 24CF261, he could not do that in this case. Id. It also told him that if he wanted to sue anyone for money damages relating to alleged denial of adequate medical care or for alleged theft of property or

information, he must do that through a new, separate complaint filed under 42 U.S.C. §1983. Id. at 9-10.

On May 27, 2025, the court received from the petitioner a single, amended petition under §2254. Dkt. No. 9. But that amended petition, while purporting to challenge only the completed conviction in Case No. 21CF16, asked for relief in both the completed 2021 case *and* the pending 2024 case. It named respondents other than Sheriff Christy Knowles. And on the same day, the court received from the petitioner a separate "motion to deem both state cases merged for purposes of this habeas petition," dkt. no. 10, and a supporting brief, dkt no. 11. Three days later, on May 30, 2025, the court received from the petitioner a motion for preliminary injunction and motion for permanent injunction. Dkt. No. 13.

On June 2, 2025—less than two months after the petitioner filed his federal *habeas* petition and after this court had received the motions described above—the petitioner was tried by a jury in Ozaukee County Circuit Court in Case No. 24CF261; the trial lasted five days, and on June 6, 2025 the jury returned verdicts of guilty on each of two counts of stalking under §940.32(2) with a modifier for habitual criminality. State of Wisconsin v. Leventhal, Ozaukee County Case No. 2024CF261 (available at wcca.wicourts.gov). The circuit court judge has scheduled the petitioner's sentencing hearing for August 20, 2025 at 1:30 p.m. On June 13, 2025, the petitioner prematurely filed a notice of appeal in the state case; on July 8, 2025, he filed a premature

4

motion for post-conviction relief and he since has filed motions to disqualify the circuit court judge, set aside the verdict and reassign judges. Id.

Since being convicted in state court, the petitioner has deluged this federal court with filings, most of which ignore or attempt to circumvent what the court told the petitioner in its May 16, 2025 screening order. The court advised the petitioner that he could not litigate the claim in his amended complaint piecemeal; in the month of June 2025 alone, the court received from the petitioner eleven motions. Dkt. Nos. 14, 17-24, 26-27, 29. On June 13, 2025, the court received from the petitioner a motion to stay all rulings in this court "subject to amended motion for injunctive relief." Dkt. No. 14. On June 23, 2025, the court received from the petitioner fourteen separate documents. Dkt. Nos. 15-28. In addition to a cover letter, dkt. no. 15, affidavit, dkt. no. 16, statement of jurisdiction and removal, dkt. No. 25, and memorandum, dkt. no. 28, the court received ten motions, dkt. nos. 17-24, 26-28. Three days later, the court received from the petitioner a motion asking the court to delay screening until the petitioner could file yet another document. Dkt. No. 29.

In July 2025, the court received from the petitioner more letters, two additional motions (a motion for a temporary restraining order, dkt. no. 31, and a motion for declaratory and injunctive relief, dkt. no. 33), a letter asking the court to take exclusive jurisdiction of the petitioner's request for *habeas* relief and to issue a restraining order "to preserve the status quo in state court," dkt. no. 35-1 at 1-3, and 149 pages of state-court documents, dkt. nos. 34, 34-1, 35.

5

The court could have screened the amended petition, dismissed it and denied the numerous remaining motions as moot. But to make a complete record, and to fully illustrate the extent to which the petitioner has tried to circumvent this court's May 16, 2025 screening order, the court has addressed all the petitioner's motions before screening—and dismissing—the amended petition.

## I.      Background

As the court explained above, the amended petition and the many motions reference two state-court criminal cases. In the first case, <u>State v. Leventhal</u>, Ozaukee County Case No. 21CF16 (available at wcca.wicourts.gov), the circuit court entered judgment on May 21, 2021, and on December 20, 2023, it entered a judgment of conviction following revocation. <u>Id.</u> The second case—the one that involved a June 2025 jury trial—remains pending in Ozaukee County Circuit Court. <u>Leventhal</u>, Ozaukee County Circuit Court Case No. 2024CF261. <u>Id.</u> Because most of his federal filings involve the petitioner's attempts to convince this federal court to treat these two cases as a single case for purposes of *habeas* relief, the court provides some background on each of them.

The court also provides background on the petitioner's prior federal litigation, for reasons that will become evident later in this decision. For the moment, suffice to say that in filing this petition, the petitioner also has attempted to circumvent the rulings of other federal judges and a sanction by the Seventh Circuit Court of Appeals.

A. Ozaukee County Case No. 2021CF16

In 2021, the State of Wisconsin charged the petitioner in Ozaukee County Case No. 2021CF16 with two counts of stalking. According to the Wisconsin Court of Appeals, the charges stemmed from the petitioner's attempts to contact his estranged former wife and daughter, both of whom had obtained harassment injunctions against him. State of Wisconsin v. Leventhal, Case No. 2021AP1184-CR, 2023 WL 2669688, *1 (Wis. Ct. App. Mar. 29, 2023). Id. The petitioner pled no contest to one count of stalking and the remaining count was dismissed. Id. The circuit court judge imposed a sentence of three years of probation, consistent with the parties' joint recommendation. Id.

The petitioner appealed, arguing that (1) his extradition to Wisconsin was unlawful; (2) venue was improper; (3) his bail was excessive; and (4) the stalking statute (Wis. Stat. §940.32) is unconstitutional. Id. In a March 29, 2023 decision, the Wisconsin Court of Appeals found no basis to allow the petitioner to withdraw his no contest plea and held that he had waived his right to challenge the prosecution. Id. A few months later, the petitioner filed a Wis. Stat. §974.06 post-conviction motion alleging nine separate claims with respect to the conviction. State v. Leventhal, Case No. 2024AP95-CR, 2025 WL 97836, *1 (Wis. Ct. App. Jan. 15, 2025). The circuit court summarily denied the motion, holding that it was procedurally barred by the decision in his direct appeal. Id. The petitioner did not appeal that order. Id.

7

In September 2023, the petitioner's probation was revoked. Id. The Department of Corrections recommended that the petitioner be sentenced on the 2021 stalking conviction to eighteen months of initial confinement and two years of extended supervision. Id. In December 2023, after a two-day sentencing hearing, the circuit court imposed that sentence. Id. The petitioner appealed the post-revocation judgment, arguing that (1) his plea on the stalking charge was coerced; (2) venue on the stalking conviction was improper; (3) the circuit court's handling of the stalking conviction lacked competence; (4) his prosecution was illegally based on him filing lawsuits; (5) he should not have been prosecuted for stalking based on the First Amendment; and (6) the stalking statute did not cover his actions. Id. The petitioner also challenged his post-revocation sentence, arguing that the court failed to consider the proper sentencing factors, imposed a grossly disproportionate sentence that exceeded the maximum penalty and imposed travel and lawsuit filing restrictions that were too broad. Id.

The Wisconsin Court of Appeals rejected each of the petitioner's arguments as to the original judgment on the stalking charge because the petitioner had filed an appeal from the post-revocation judgment and the court's review was limited to the new judgment and post-revocation sentence. Id. As for the claims regarding the post-revocation sentence, the appellate court pointed out that the petitioner had failed to file a postconviction motion in the circuit court. Id. at *2. In any event, the court of appeals found that the circuit court properly considered all relevant factors and imposed a lawful sentence.

8

Id. The Wisconsin Supreme Court denied the petitioner's petition for review. State v. Leventhal, 18 N.W.3d 719 (Wis. Feb. 12, 2025).

As the court will explain, in this federal *habeas* petition, the petitioner purportedly challenges the revocation of the probation term imposed in Case No. 21CF16 and the resulting sentence.

### B. Ozaukee County Case No. 2024CF261

On June 21, 2024, the State charged the petitioner in a second, separate case with two counts of stalking with a habitual criminality modifier. State v. Leventhal, Ozaukee County Circuit Court Case No. 24CF261 (available at wcca.wicourts.gov). As discussed above, on June 6, 2025, a jury found the petitioner guilty on both counts and the state court has scheduled the sentencing hearing for August 20, 2025. Id. This is the case that the court told the petitioner he could not challenge in a federal §2254 petition.

### C. The Amended Federal *Habeas* Petition

The petitioner's April 10, 2025 *habeas* petition challenged his convictions in 21CF16 and 24CF261. Dkt. No. 1 at 2. On the first page of his May 27, 2025 amended *habeas* petition, the petitioner wrote, "*Although Petitioner is in fact presently in custody of the Ozaukee County Sheriff on another matter, the custody challenged here is Extended Supervision/Community Custody in a case under which the term of incarceration has been already served—Ozaukee Case No. 21CF16." Dkt. No. 9 at 1. In the section titled "Subject of This Petition," the petitioner listed 2021CF16; he listed his conviction date as December 20, 2023 and his sentencing date as December 15, 2023. Id. at 2.

The court interprets this to mean that the petitioner is challenging the post-revocation judgment entered in 2023. The petitioner says that he appealed that judgment on the ground that his probation was revoked without a jury trial and without an Article III judge, which he asserts violated the Sixth and Seventh Amendments. Id. at 3. He also says that he argued that his revocation was an "unconstitutional nullity," a double jeopardy violation and predicated on a nonexistent crime. Id. The petitioner states that review was denied and that he did not petition for writ of *certiorari* to the United States Supreme Court. Id. at 4.

The petitioner raises four arguments in his amended federal *habeas* petition. First, he argues "absolute litigation privilege." Id. at 6. He states that he made "non-threatening written submissions and statements in judicial proceedings." Id. The petitioner says that he entered a no contest plea to making non-threatening statements because he was "under extreme duress" and believed that he wasn't pleading guilty to an actual crime. Id. 7. Second, the petitioner argues that revocation without a jury trial violates the Sixth and Seventh Amendments because his probation was revoked without an Article III judge or jury. Id.  Third, he argues double jeopardy because he says he was punished once on May 19, 2021 (the day of his plea and sentencing in the 2021 case), and again on "August 29, 203 [sic]."[2] Id. at 8. He asserts that he was punished a third time for "some crime on December 20, 2023, for a

_____

[2] It is not clear what happened on this date; the Wisconsin Court of Appeals recounted that the petitioner's probation was revoked in September 2023 but did not specify a date.

sentence after revocation judgment—where nothing was alleged constituting a crime beyond that which was alleged on May 19, 2021." Id. It is the context of Ground Three that the petitioner first mentions Case No. 24CF261; he states that it is his "position" that Case Nos. 21CF16 and 24CF261 are not separate cases, but are the "same case, re-labelled [sic] and re-packaged fraudulently to relitigate resolved matters the outcome of which is unsatisfactory to the initiators of both cases." Id. Finally, in Ground Four, he argues that his convictions violate the due process clause because

> [e]very litigant in Wisconsin has a statutory right to appeal, see Wis. Stat. Sec. 808.03. What the state has done by adding the "charge" of filing an appeal brief to nothing except an aggregation of charges from 21CF16 to create the deceptively labelled nullity that 24CF261 is—is to create a methodology for nullifying the appeal of 21CF16. The wide latitude had by prosecutors in charging decisions cannot and does not encompass civil rights-depriving schemes like this. See IMBLER v. PACHTMAN. Rather such a scheme is a willful act to deny due process—a federal felony under 18 U.S.C. § 242, against which neither judges nor prosecutors are immune. "Due process requires that right to appeal is not rendered meaningless." GRIFFIN v. ILLINOIS, 35 U.S.C. 12, 18, 76 S. Ct. 585. 28 months incarceration to date on a "crime" that is immune from prosecution and after a probation revocation which is an unconstitutional nullity—for 68 yr. old individual is enough to justify slightly extraordinary relief.

Id. at 9.

> In the section titled "Request for Relief," the petitioner asks the court to

> (1) Declare that 21CF16 and 24CF261 are actually the same case, same cause of action and that 24CF261 is a fraud on the court deceptively labelled [sic] to produce an an [sic] illegal scheme to deprive due process; and (2) Declare that Absolute Litigation Privilege bars both cases entirely; (3) Declare that the probation revocation is a unconstitutional nullity; and therefore Sentence After Revocation is nullified, including unserved Extended Supervision, (4) Declare revocation statute 973.10(2) UNCONSTITUTIONAL. (5) Order discharging Leventhal from custody in both cases.

11

Id. at 12.

D.    Prior Federal Litigation

1.    *Case No. 21-cv-507*

On April 20, 2021, while he was a pretrial detainee in Ozaukee County Case No. 21CF16, the petitioner filed a petition in this court under 28 U.S.C. §2241, asserting that his extradition from Illinois to Wisconsin to face the charges in that case was unconstitutional. Leventhal v. Johnson, Case No. 21-cv-507. Magistrate Judge Stephen C. Dries recommended dismissal of the case because the petitioner had not exhausted his remedies in state court, his claim was moot (because he already had been extradited) and the petition did not appear to present a federal question. Id. at Dkt. No. 10. District Judge William C. Griesbach adopted that recommendation and dismissed the petition. Id. at Dkt. No. 15.

2.    *Case No. 24-cr-157*

On August 14, 2024—just short of two months after he was charged in Ozaukee County Circuit Court Case No. 24CF261 and while it was pending— the petitioner filed in federal court a notice of removal, seeking to remove Case No. 24CF261 from the Ozaukee County Circuit Court to this federal court. United States v. Leventhal, Case No. 24-cr-157 (E.D. Wis.). On August 19, 2024, Judge Stadtmueller immediately remanded the case to the Ozaukee County Circuit Court, writing:

> [W]hether under § 2241 or § 2254, the movant must exhaust his state court remedies—in other words, present his constitutional arguments at every level of the state court system. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (prohibiting district courts from

12

addressing claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them") (citing *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1131–32 (7th Cir. 1990)); *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991) (same as to § 2241 petitions) (citing *Baldwin v. Lewis*, 442 F.2d 29, 31–33 (7th Cir. 1971)). The State Case Docket shows that [the petitioner] may be working towards exhaustion of his claims with the Wisconsin Court of Appeals and the Wisconsin Supreme Court, but that process is not yet complete.

The Court also notes the following as [the petitioner] considers whether to file a § 1983 action. Leventhal has a litigious past of abusing the federal court system, and his instant purported removal of the State Case appears to be yet another example of his attempts to continue that abuse. As one court has observed,

> [The petitioner] uses the federal courts to make war on people who sue him or his ex-wife . . . in the state courts. Sometimes, he does this as retaliation. Sometimes, he does it to buy time. Sometimes, he does it to exert pressure. Whatever the motive, [the petitioner's] tactic is to "make a federal case" out of everything, turning mundane state court matters into federal litigation, something he believes (wrongly, most of the time) will intimidate his opponents and make them back off.

*In re Meltzer*, 535 B.R. 803, 807 (Bankr. N.D. Ill. 2015); *see also Leventhal v. Paes*, No. 17 CIV. 2496 (BMC), 2017 WL 1957003, at *2 (E.D.N.Y. May 10, 2017) ("Not only is [the petitioner's] complaint frivolous on its face, but it is also a transparent attempt to harass a wide variety of people, including individuals who have had to defend against [the petitioner's] abuse of the legal process in the past, including his ex-wife."). [The petitioner] is clearly known in federal courts across the country; indeed, he is listed on PACER as a litigant in over 40 federal cases in at least eight different federal courts. He has filed two frivolous lawsuits so far in this District. *See Leventhal v. Boline et al.*, No. 18-CV-181-LA, ECF No. 17 (E.D. Wis. May 2, 2018) (imposing a "strike" under 28 U.S.C. § 1915(g)); *Leventhal v. RPOC et al.*, No. 21-CV-545-SCD, ECF No. 19 (E.D. Wis. June 23, 2021). While [the petitioner's] conduct has not yet reached the point of sanctions in this District, his attempt to remove the State Case shows that his pattern of "us[ing] the federal courts" to wage personal battles has continued. *Meltzer*, 535 B.R. at 807. [The petitioner] is hereby warned that if he files another frivolous civil lawsuit that ends up before this Court, he may face sanctions in the form of a filing bar or monetary sanctions. *See Support Sys. Int'l, Inc.*

*v. Mack*, 45 F.3d 185 (7th Cir. 1995); *see also Stone v. Roseboom*, 803 F. App'x 947 (7th Cir. 2020).

In sum, Leventhal did not attach all pleadings as required by § 1455(a) and has not provided any grounds under which removal of the State Case would be proper.

United States v. Leventhal, Case No. 24-cr-157, 2024 WL 3858160, *3-4 (E.D. Wis. Aug. 19, 2024).

### 3. *Case No. 24-cv-1147*

On September 10, 2024 (less than a month after Judge Stadtmueller remanded Case No. 24CF261 to the Ozaukee County Circuit Court), the petitioner filed a civil rights complaint in federal court, along with a separate petition for a writ of *habeas corpus*, seeking an injunction to stop his detention and prosecution in Ozaukee County Case No. 24CF261. Leventhal v. Ozaukee Cnty. Circuit Court, 24-cv-1147 (E.D. Wis.) On November 18, 2024, Judge Griesbach dismissed the case as frivolous and imposed a "strike,"[3] explaining that

> [the petitioner] is not a stranger to the courts. For years, he has "use[d] the federal courts to make war on people . . . . Sometimes, he does this as retaliation. Sometimes, he does it to buy time. Sometimes, he does it to exert pressure." *In re Meltzer*, 535 B.R. 803, 807 (Bankr. N.D. Ill. 2015). [The petitioner] refers to his tactics as "lawfare," and argues that the First Amendment "immunize[s] [him] from criminal prosecution" because he is simply "employing asymmetrical aggressive yet perfectly legal and common legal practices—to vindicate his solemn oath to the United States and a

---

[3] On March 15, 2018, Judge Lynn Adelman dismissed Case No. 18-cv-181 (which alleged claims against the petitioner's ex-wife and a judge in Ozaukee County Circuit Court) as frivolous and imposed a strike. Leventhal v. Boline, *et al.*, Case No. 18-cv-181 (E.D. Wis.), Dkt. No. 17. On June 23, 2021, Magistrate Judge Stephen C. Dries dismissed Case No. 21-cv-545 as frivolous, but did not mention imposing a strike. Leventhal v. Republican Party of Ozaukee Cnty., *et al.*, Case No. 21-cv-545 (E.D. Wis.), Dkt. No. 19.

14

defenseless, abandoned orphan on the other side of the world." Dkt. No. 24. The "abandoned orphan" he refers to is his adopted daughter who, along with [the petitioner's] ex-wife, is the victim in a criminal matter pending in Ozaukee County. *See* Ozaukee County Case No. 24-CF-0261; Dkt. No. 15-1. The State of Wisconsin has charged [the petitioner] with stalking her and his ex-wife based on "a pattern of conduct to harass [them], in large part through his abuse of the court system." Dkt. No. 15-1 at 2.

The amended complaint insists that his criminal prosecution is illegal because pursuing lawsuits (however frivolous or malicious they may be) cannot form the basis of a stalking charge and, in any event, filing lawsuits (again, however frivolous or malicious they may be) is protected by the First Amendment. He asks, among other things, for the Court to "enjoin[] Defendants from continuing to hold [him] in custody," to "prohibit[] any and all kinds of punitive action against [him], emanating in any and every way from Ozaukee County, without first screening by this Court or a magistrate judge," and for "money damages ranging from actual damages in the amount of $11,275,888 up to treble damages in the amount of $33,827,664." Dkt. No. 5 at 15-16.

[The petitioner] asserts that he cannot raise these defenses in his ongoing criminal case because the Defendants, who include the Ozaukee County district attorney and yet to be named circuit court judges, are engaged in a wide-ranging conspiracy. [The petitioner's] allegations of this conspiracy are not new. He raised them more than three years ago in *Leventhal v. Republican Party of Ozaukee County*, No. 21-CV-545 (E.D. Wis. 2021). In screening [the petitioner's] complaint in that case, Magistrate Judge Stephen Dries concluded that:

> The complaint alleges a frivolous and patently unbelievable conspiracy involving dozens of individuals and entities, with the ever-familiar mix of politicians and judges thrown into the mix for good measure. [The petitioner] alleges that all these individuals have been involved, in one convoluted way or another, in: kidnapping the [petitioner], taking bribes from a 'clinically-diagnosed paranoid-schizophrenic ex-spouse,' falsifying documents, interfering in his relationship with his daughter, sabotaging a contract with the Air Force, and racketeering. The complaint slaps about a dozen faux-legal labels on these claims—everything from tortious interference to "neglect to prevent" to the Fourth Amendment—but it doesn't matter what he calls his claims: it's all nonsense.

15

Id., Dkt. No. 19 at 4.

The Court reaches the same conclusion in screening the amended complaint as Judge Dries reached in screening [the petitioner's] 2021 complaint: it's all nonsense. "It's also a violation of joinder rules, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); it has serious problems under the *Rooker-Feldman* doctrine and *res judicata*; and it faces insurmountable judicial and prosecutorial immunity defenses as well." *Id.* at 4-5. But [the petitioner] knows this; he is clearly very smart. The Court suspects that, as is his habit, he did not bring this case because he thought it had merit; he brought it because he enjoys the power to create chaos and introduce delay and burden defendants with litigation costs (in this case, a burden that would have been borne by the taxpayers). The Court is not going to insert itself into ongoing criminal prosecutions in state court. If [the petitioner] has defenses he wants to raise in response to the pending charges, he can do so in that court. His explanation for why he cannot do so—the so-called conspiracy—is meritless, and he knows that because Judge Dries already told him so. If he thought Judge Dries was wrong, his remedy was to appeal; not start a new lawsuit. Accordingly, the amended complaint is subject to dismissal on frivolous grounds. *See Walton v. Walker*, 364 F. App'x 256, 258 (7th Cir. 2010) ("the district court was entitled to draw upon its familiarity with Walton's prior meritless litigation (again describing sprawling conspiracies) to conclude that his complaint consisted only of 'claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'") (citing *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).

Leventhal v. Ozaukee C'nty Circuit Court, Case No. 24-cv-1147, 2024 WL 5102830, *1, 2 (E.D. Wis. Nov. 18, 2024).

The petitioner appealed Judge Griesbach's decision. On January 21, 2025, the Seventh Circuit dismissed the four motions the petitioner had filed before that court as well as his appeal, writing:

This court has carefully reviewed the final order of the district court, the record on appeal, appellant's motion to proceed in forma pauperis, and appellant's motions to bypass the district court and for emergency handling. Based on this review, the court has determined that any issues which could be raised are insubstantial and that further briefing would not be helpful to the court's

16

consideration of the issues. *See Taylor v. City of New Albany*, 979 F.2d 87 (7th Cir. 1992); *Mather v. Village of Mundelein*, 869 F.2d 356, 357 (7th Cir. 1989) (court can decide case on motions papers and record where briefing would not assist the court and no member of the panel desires briefing or argument). "Summary disposition is appropriate 'when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.'" *Williams v. Chrans*, 42 F.3d 1137, 1139 (7th Cir. 1995) (citing *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)). Here, the district court correctly dismissed Leventhal's complaint as frivolous. Accordingly,

**IT IS ORDERED** that these motions are **DENIED**, and this appeal is summarily **DIMISSED** as frivolous.

**IT IS FURTHER ORDERED** that the appellant is sanctioned $1000 for filing a frivolous appeal. Within fourteen days of the date of this order, the appellant must tender a check payable to the clerk of this court for the full amount of the sanction.

**IT IS FINALLY ORDERED** that the clerks of all federal courts in this circuit shall return unfiled any papers submitted either directly or indirectly by or on behalf of Howard Leventhal unless and until he pays the full sanction that has been imposed against him. *See In re City of Chicago*, 400 F.3d 482, 585-86 (7th Cir. 2007); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). In accordance with our decision in *Mack*, exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus. *See Mack*, 45 F.3d at 186-87. This order will be lifted immediately once Leventhal makes full payment. *See In re City of Chicago*, 500 F.3d at 585-86. If Leventhal, despite his best efforts, is unable to pay the sanction in full, he is authorized to submit to this court a motion to modify or rescind this order no earlier than two years from the date of this order. *See id.; Mack*, 45 F.3d at 186.

Leventhal v. Ozaukee Cnty. Circuit Court, Appeal No. 24-3146, 2024 WL 5701970, *1 (7th Cir. 2024).

E.      Summary

As of April 10, 2025—the day the petitioner filed this federal *habeas* petition—and May 27, 2025—the date on which the court received the

17

amended petition:

—Judge Stadtmueller had told the petitioner that he could not seek *habeas* relief in Case No. 24CF261 until he had exhausted his state remedies;

—Judge Stadtmueller had told the petitioner that he could not remove pending criminal Case No. 24CF261 from Ozaukee County Circuit Court to this federal court;

—Judge Griesbach had told the petitioner that federal courts do not insert themselves into ongoing state criminal proceedings;

—This court had told the petitioner that federal courts do not enjoin state criminal proceedings;

—The petitioner had at least two "strikes" against him under 28 U.S.C. §1915(g) in cases that were dismissed because they were frivolous or failed to state a claim; if he had another civil lawsuit dismissed for the same reasons, he would lose his ability to file lawsuits without prepaying the civil filing fee;

—Judge Stadtmueller had warned the petitioner that if he filed another frivolous lawsuit that was assigned to Judge Stadtmueller, Judge Stadtmueller would sanction him; and

—The Seventh Circuit had sanctioned the petitioner $1,000 and ordered that until the petitioner paid that sanction in full, all clerks of court must return to the petitioner any papers he filed except in criminal and *habeas* cases.

As the remainder of this decision shows, in this *habeas* petition the petitioner has devoted himself to trying to circumvent these orders.

18

## II. Second or Successive Petition

Although it is not a violation of any of the prior court orders discussed above, it appears that this case may involve what is known as a "second or successive" *habeas* petition.

"Incarcerated individuals who seek to challenge their imprisonment through a federal habeas petition are generally afforded one opportunity to do so." Rivers v. Guerrero, 605 U.S. ___, 145 S. Ct. 1634, 1639 (2025). Section 2244(a) of Title 28 says that no district judge "shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." The statute requires a district court to dismiss a claim presented in a "second or successive" *habeas* petition. 28 U.S.C. §2244(b)(1). The United States Supreme Court has explained:

> First, § 2244 prohibits habeas applicants from filing a subsequent petition that relitigates the merits of previously denied claims. *See* § 2244(b)(1) (stating that any claim that "was presented in a prior application shall be dismissed"). Second, even if the subsequent petition presents a new claim, the second-in-time application can only proceed if it "falls within one of two narrow categories": The claim must "rel[y] on a new and retroactive rule of constitutional law" or "alleg[e] previously undiscoverable facts that would establish [the petitioner's] innocence." *Banister [v. Davis]*, 590 U.S. [504,], 509 . . . [(2020)]; see also § 2244(b)(2). Additionally, a petitioner cannot bring a second or successive habeas application directly to the district court. Instead, he must first go to the court of appeals and make a "prima facie showing" that the petition satisfies one of § 2244(b)(2)'s exceptions, and *that* court has to grant authorization for the petitioner to proceed in district court. § 2244(b)(3). And then, even when such leave is granted, the district court must

19

independently confirm that the petition satisfies the requirements of § 2244(b)(2). See § 2244(b)(4).

> These rules apply to second-in-time habeas filings even if the filing is not styled as a § 2254 habeas application by the filer—so long as the document is a § 2254 petition in substance. For example, a self-styled "motion" that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits" can be construed as a second or successive petition and forced to face the gauntlet of § 2244(b), no matter how it is labeled. *Gonzalez v. Crosby*, 545 U.S. 524, 532, . . . (2005) (emphasis deleted).

Id. at 1642.

The petitioner did not style his attempt to remove the 2024 Ozaukee County criminal case to federal court as a *habeas* petition, and it would not be legally accurate for this court to treat it as a *habeas* petition. So the instant *habeas* petition is not "second or successive" to the case that Judge Stadtmueller remanded.

But the instant petition represents the second time the petitioner has filed a pleading styled as a *habeas corpus* petition. The first was the April 2021 §2241 petition in Case No. 21-cv-507, which Judge Dries recommended dismissing on various procedural grounds; Judge Griesbach adopted that recommendation and dismissed the petition. That petition challenged the petitioner's *pretrial* detention in Case No. 21CF16. *This* petition challenges the revocation of the petitioner's probation in that same case—in other words, his *post-conviction* incarceration. This petition constitutes the first time the petitioner has brought a federal case styled as a *habeas* petition attacking his

*post-conviction* incarceration in the 2021 case, but it is the second time he has filed a *habeas* petition attacking detention in that case.

The petitioner styled his 2024 case before Judge Griesbach as a civil lawsuit under 42 U.S.C. §1983. Judge Griesbach viewed that characterization skeptically, as does this court. The petitioner asked Judge Griesbach to enjoin the state court from holding him in custody in the 2024 case—in other words, he challenged his detention (although admittedly his pre-conviction detention). A challenge to the legality of one's detention which seeks as relief the detained party's release is a request for *habeas* relief, not a civil rights lawsuit under 42 U.S.C. §1983.

At the least, it appears that the instant petition is a second or successive petition to the petition filed (and resolved) in Case No. 21-cv-507 that required the petitioner to seek the Seventh Circuit's permission before filing it. The court could (and likely should) dismiss the petition and require the petitioner to seek the appellate court's approval before proceeding or send the petition to the Seventh Circuit so that it can decide whether this is a second or successive petition. But because it is certain that the petitioner will appeal this decision to the Seventh Circuit regardless, the court also has addressed the petitioner's motions and has screened the amended petition.

### III. Petitioner's Motion to Deem Both State Cases Merged for Purposes of this Habeas Petition (Dkt. No. 10); Petitioner's Motion for Order Declaring That Two Wisconsin Criminal Cases Are Actually A Single Case Fraudulently Labelled [sic] as Two Cases (Dkt. No. 20)

As the court has explained, in the section of the amended complaint titled "Subject of This Petition," the petitioner listed only one case—Ozaukee

21

Circuit Court Case No. 21CF16. Dkt. No. 9 at 2. But in Ground Three, he asserted that Case No. 21CF16 and Ozaukee County Case No. 2024CF261 are the same case, dkt. no. 9 at 9, and he has filed motions asking the court to treat the two cases as a single case. The motions provide detail that the amended petition does not.

On May 27, 2025 (the day the court received the amended petition), the petitioner filed a four-page motion asking the court to deem Ozaukee County Case Nos. 21CF16 and 24CF261 "merged" for purposes of this *habeas* petition. Dkt. No. 10. The petitioner maintains that the only difference in the allegations in the two cases is that "[i]n 24CF261 it is alleged that somehow, in Wisconsin, filing an appeal brief is a predicate act to stalking charges contrary to Wis Stat §940.32." Id. at 1. He argues that incorporating his appeal brief in the 2021 case into the criminal complaint in the 2024 case "is nothing more than a deliberate subterfuge to create an excuse to relitigate 21CF16 all over again." Id. at 3. The petitioner asserts that the district attorney was unhappy with the agreements he made in, and the "results produced by," Case No. 21CF16, so he "concocted this new, fraudulent 24CF261 case to render [the petitioner's] appeal meaningless and take yet another 'bite at the apple.'" Id. The petitioner asserts a double jeopardy violation; he asks this federal court to declare that the 2024 case is "nullified as a matter separate from" the 2021 case, that the contents of the two cases are merged and, if necessary, deem this case "a hybrid 2241 and 2254 case or other similar remedy . . . ." Id. at 4.

On June 23, 2025—less than a month after the court received the above-described motion—the petitioner filed a second motion asking the court to find that Ozaukee County Case Nos. 21CF16 and 24CF261 are "the same case fraudulently labelled [sic] with different case numbers" and that the motive for this fraudulent labeling is to deprive the petitioner of his "Double Jeopardy and other constitutional rights . . . ." Dkt. No. 20 at 1.

The court will deny both motions. First, this court is unaware of any authority that would allow a *federal* court to "consolidate" or "merge" state criminal cases. The state court system is distinct and separate from the federal court system; the federal courts do not have authority to conduct the administration of state courts. Further, the decision whether to charge someone with a crime is within the discretion of the executive branch—the prosecutor. "The discretion resting with the district attorney in determining whether to commence a prosecution is almost limitless . . . ." State v. Kenyon, 85 Wis.2d 36, 45 (Wis. 1978). This federal court does not have the authority to tell an assistant district attorney—a member of the executive branch of the state—whether or not to charge someone with a crime.

Second, as to the petitioner's claim that the 2024 case violates his rights under the double jeopardy clause, the petitioner has not exhausted his remedies in state court. It has long been the case that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The petitioner has

23

not given the state courts that opportunity. He had, and still has, the opportunity to raise in state court his double jeopardy claim in the 2024 case. The State filed its criminal complaint in Case No. 2024CF261 on June 21, 2024. Leventhal, Case No. 24CF261 (Ozaukee County Circuit Court. At any time between June 21, 2024 and the date of this order, the petitioner could have filed a motion with the Ozaukee County Circuit Court judge, arguing that the 2024 complaint violated the double jeopardy clause. If he is sentenced in 24CF261, he will have the opportunity to file post-conviction motions and to appeal. He may raise his double jeopardy claims in any post-conviction proceedings. It is premature for him to ask this court to rule on a double jeopardy claim that the state courts (including the Wisconsin Court of Appeals and the Wisconsin Supreme Court) have not had the opportunity to consider.

Third, the petitioner filed these motions to circumvent several of the federal court rulings the court described above. Judge Stadtmueller told the petitioner that he could not remove Case No. 24CF261 to federal court and to get around that ruling, the petitioner asks this court to "merge" 24CF261 with 21CF16. Judge Griesbach and the undersigned have told the petitioner that federal courts cannot intervene in ongoing state criminal proceedings and he seeks to avoid those rulings by arguing that the 2024 proceeding is just a continuation of the completed 2021 case.

The court will deny the petitioner's motions at Dkt. Nos. 10 and 20.

## IV. Petitioner's Motion for Preliminary Injunction & Permanent Injunctive Relief Pursuant to 28 U.S.C. § 65 or Other Applicable Law (Dkt. No. 13); Petitioner's Letter Request to Stay All Rulings In Captioned Case Subject to Amended Motion for Injunctive Relief

**(Dkt. No. 14); Petitioner's Verified Motion for Removal Warrant Under 28 U.S.C. § 1443(1) (Dkt. No. 17); Petitioner's Motion for Preliminary Injunction (Dkt. No. 21); Petitioner's Verified Motion for Elder Adult At-Risk Anti-Harassment Injunction Modelled [sic] Upon Wisc. Stat. § 813.123 (Dkt. No. 22); Petitioner's Verified Motion for Temporary Restraining Order Pursuant to Fed. R. Civ. P. Rule 65(b) (Dkt. No. 31); Motion for Declaratory and Injunctive Relief (Dkt. No. 33).**

The petitioner has filed various motions that appear, in different ways, to either ask the court to enjoin the state court proceedings in 24CF261 or to prematurely grant the relief he seeks in this *habeas* petition by ordering his release from custody.

On May 30, 2025, the court received from the petitioner a five-page, single-spaced motion for injunctive relief. Dkt. No. 13. This motion asserts (as did the motions discussed in Section II above) that one state case has been fraudulently labeled as two and that his double jeopardy rights have been violated. Id. at 1. He asks this court to release him from custody or extended supervision in Case No. 21CF16, and to protect him from retaliation for filing a *habeas* petition. Id. at 2. The petitioner asserts that the United States Supreme Court's decision in "S.E.C. v. George JARKESY" requires that all revocation hearings in Wisconsin be heard by an Article III judge and a jury. Id. 2.[4] He argues that Wisconsin's revocation scheme amounts to "illegal human trafficking." Id. Under "relief requested," the petitioner writes

> (1)     Movant requests an order modeled on the relief available under Wis. Stat. sec. 813.123 for at [sic] "At-Risk Elder Adult," which he most certainly is. He recognizes the concerns raised

---

[4] In Jarkesy, the Supreme Court held that "[a] defendant facing a fraud suit has the right to be tried by a jury of his peers before a neutral adjudicator." SEC v. Jarkesy, 603 U.S. 109, 140 (2024).

in the Younger Abstention Doctrine and suggests that some accommodation can be constructed to ensure that actual law enforcement under authentic charges of real criminal conduct can be brought into effect. But as a pro se non-lawyer, he is at a loss to suggest precise language, therefore:

(2)     Movant requests a hearing via Zoom before this Court to talk the options through and devise a regulatory scheme overseen by this Court which protects [the petitioner] from further retaliation and also respects the right of the State of Wisconsin to enforce its criminal laws; and

(3)     Movant requests an injunction barring further prosecution of 24CR261, where TRIAL IS SET FOR JUNE 2, 2025.

Id. at 5.

Two weeks later, on June 13, 2025 (about a week after the jury had returned its guilty verdict in Case No. 24CF261), the court received from the petitioner a letter motion to stay all rulings subject to an amended motion for injunctive relief. Dkt. No. 14. The one-paragraph motion states:

Judge Pepper: Now that the Bill of Rights has been doused in gasoline and set alight at trial in Ozaukee County, I am preparing to file an amended motion for injunctive relief in the above matter. I can now show B.R.D., among other things, that the two cases are falsely labelled [sic] as unique matter, and are both actually the earlier case and that the trial just concluded is the fifth trial on identical facts, disemboweling double jeopardy. I request that you stall all rulings until after I file amended motion, very, very soon. Thx.

Id.

Ten days later, on June 23, 2025, the court received multiple motions from the petitioner. The court cannot determine whether the petitioner intended one motion to precede the others. The court has attempted to address them in a somewhat logical order, and not necessarily in the order in which they appear on the docket. The court received a second motion for preliminary

26

injunction, dkt. no. 21, and a motion for an elder adult at-risk injunction, dkt. no. 22. In the motion for preliminary injunction, the petitioner asserts that he is being held in violation of his double jeopardy rights and that he has exhausted his state remedies. Dkt. No. 21 at 1. For relief, he asks the court to issue a warrant of removal under 28 U.S.C. §1443(i) transferring jurisdiction to this court from Ozaukee County Circuit Court in Case Nos. 21CF16 and 24CF261. Id. at 2. He asks this court to stay all proceedings in the state court, "stop[] the clock" for all deadlines, allow him to appear in federal court for a bond hearing, schedule an evidentiary hearing to set aside the verdict in Case No. 24CF261 and order the state not to enforce his extended supervision in that case, issue a warrant of removal and an anti-harassment injunction and order the Ozaukee County clerk and court reporter to file the trial transcript from 24CF261. Id.

In the "verified motion for elder adult at-risk anti-harassment injunction modelled upon Wisc. Stat. § 813.123," the petitioner asserts that he has been held in custody unlawfully for over two years, has been harmed financially, has been denied medical care and has been "abused, tormented, neglected [and] allowed to soil his clothing for medical neglect and been financially exploited by the Respondents under color of state law fraudulently." Dkt. No. 22 at 1. He says that he suffers from a chronic, life-threatening medical condition of which the respondents are aware and that respondents are demanding $7,500 per month for "state-of-the-art treatment in cash while refusing to use [the petitioner's] in force, uninterruptible Medicare/Medicaid Supplement Policy."

27

Id. at 1-2. He explains that the medical condition is a "sequel to surgery to forestall colon cancer and is abundantly documented" in the respondents' records. Id. at 2. Under relief requested, the petitioner writes:

> Petitioner requests an order of this court modelled [sic] upon Wis. Stat. § 813.123 and with modifications to preserve the State of Wisconsin's rightful law enforcement powers, perhaps mandating that any future attempt by these Respondents in law enforcement matters related in any way to Ozaukee County must be screened in some way first for probable cause by a federal magistrate judge before [the petitioner] can be held in custody by Respondents for more than 14 days.

Id.

In the motion for a removal warrant under 28 U.S.C. §1443(1), the ultimate relief the petitioner seeks is an order removing the two criminal cases from Ozaukee County Circuit Court to this court. Dkt. No. 17 at 1, 6. He asks the court to "prescreen" materials that he submitted "to determine whether the facts alleged would be sufficient to justify issuing a warrant of removal if fully briefed," then to "issue a permissive screening order" and set a briefing schedule and finally to order the two state criminal prosecutions removed to federal court. Id. at 6. The petitioner says that the reason he seeks removal is so that this federal court can "remedy more than 75 distinct rights deprivations including numerous rights guaranteed under the Bill of Rights and other federal law." Id. at 2. He asserts that, "in the simplest terms, the trial judge, Judge Michael S. Kenitz, elected himself Special Prosecutor #3 rather than functioning as an impartial magistrate." Id. at 2 (italics omitted). He again asserts that Case Nos. 21CF16 and 24CF261 are "the same case, fraudulently labelled [sic] with different case numbers but offering no new facts, for the

28

strategic purpose of denying [the petitioner] both Speedy Trial and Double Jeopardy rights." <u>Id.</u> He reiterates his allegation that the prosecutors were unhappy with the result in 21CF16 and "sought a second bite at the apple to correct their mistakes." <u>Id.</u> The petitioner includes in this motion a chart delineating the 75 grounds for relief, ranging from "BIAS of judge to enormous extent" to "TRIAL BY AMBUSH and "SURPRISES, prejudicial, shocking in the extreme." <u>Id.</u> at 3-6.

On July 14, 2025, about three weeks after the June 23, 2025 flurry of motions, the court received from the petitioner a motion for a temporary restraining order. He recounts that his sentencing in Case No. 24CF261 is scheduled for August 20, 2025 and that "it is an absolute certainty that without some intervention by this court [the petitioner] will be sent to a Wisconsin prison very shortly thereafter." Dkt. No. 31 at 1. The petitioner asserts that it is "certain" that "a large volume of evidence" needed to support his *habeas* petition will "likely [be] likely 'lost' given their incriminating nature as to the prosecutorial misconduct grieved-of here by [the petitioner]." <u>Id.</u> He says that that evidence includes "the only remaining archive of the digital work product of [the petitioner's] Department of Defense contract work under Federal CAGE Code 8LLM2." <u>Id.</u> at 2. The petitioner claims that the Defense Logistics Agency paid $149,888 for this work product and says that it has a "long-term value to both [the petitioner] and the Air Force of $10 million or more." <u>Id.</u> The petitioner concludes:

> Until such time as this Court is fully informed and prepared to rule on [the petitioner's] pre-existing applications before this court on

this matter, [the petitioner] requests that this court issue a temporary restraining order, on an *ex parte* basis, along the lines of the proposed order attached. At this moment [the petitioner]is not requesting release from custody or any other relief except to make certain that property which he jointly owns along with the Department of Defense is undestroyed and that he is kept in custody at the Ozaukee Jail to preserve the status quo and nothing beyond that. Aside from losing the opportunity to conceal criminal misconduct by themselves, the State and its actors have nothing to lose if this Honorable Federal Court grants this order.

Id. at 2.

Finally, on July 18, 2025, the petitioner filed yet another motion for injunctive relief. Dkt. No. 33. This one, like the July 14 motion, appears to have been prompted by the fact that the petitioner's sentencing date in Case No. 24CF261 is approaching. He again asserts that if he is sentenced on August 20, 2025, he will be sent to prison and lose access to the documents he needs to proceed in federal court. Id. at 2. He reiterates his argument that Case Nos. 21CF16 and 24CF261 are the same case. Id. He reiterates his argument that he was denied his Seventh Amendment trial rights when his probation was revoked without a jury trial. Id. He reiterates his double jeopardy and speedy trial arguments. Id. Though admitting he is not a racial minority, he argues that if he succeeds on his claims, it will benefit racial minorities and vindicate their rights under the Civil Rights Act of 1964. Id. at 2-3. He asserts that Wis. Stat. §973.10(2) (the probation revocation statute) is "nothing less than a foul echo of Antebellum South slavery and must suffer the same fate." Id. at 3. Again he asks for an order declaring the two criminal cases to be deemed the same case, and he adds a request for the court to declare the Wisconsin probation statute unconstitutional and to enjoin the state from "operating

30

under" it until the statute is amended to provide for the right to a jury trial at revocation. Id. He reiterates his requests that the court enjoin the state-court proceedings, that it transfer the state cases to federal court and that it grant him an evidentiary hearing as soon as possible. Id. at 4.

The court will deny these motions because all six of them ask, in different ways, for this court to intervene in or enjoin proceedings in Ozaukee County Case No. 24CF261, and seek to circumvent prior federal court orders. First, the court has denied the petitioner's request to "consolidate" or "merge" that case—which is not and cannot be the subject of this federal habeas proceeding, because it is ongoing—with Case No. 21CF16.

Second, the petitioner claims to be aware that it is extremely rare for federal courts to have a basis to enjoin state criminal proceedings; he references Younger v. Harris, 401 U.S. 27, 43  (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try cases free from interference by federal courts"). This case does not present one of the rare circumstances justifying an exception to the rule that federal courts should not enjoin state criminal proceedings. A petitioner seeking injunctive relieve must show (1) that he has no adequate remedy at law and will suffer irreparable harm if the relief is not granted; (2) that the irreparable harm he would suffer outweighs the irreparable harm the opposing party would suffer if the injunction is not granted; (3) that he has some likelihood of success on the merits; and (4) that the injunction would not frustrate the public interest. Finch v. Treto, 82 F.4th

31

572, 578 (7th Cir. 2023) (citing <u>Speech First, Inc. v. Killeen</u>, 968 F.3d 628, 637 (7th Cir. 2020)).

The petitioner has multiple adequate remedies at law. Section 2254 allows a petitioner to challenge his revocation judgment. Section 2241 allows a petitioner to seek release by challenging something confinement or detention under an order other than a completed judgment. The petitioner may raise his double jeopardy and speedy trial concerns in the state trial court, the state appellate court or the Wisconsin Supreme Court in Case No. 24CF261. The petitioner's challenges to the adequacy of the medical care he has (or has not) received belong in a civil lawsuit filed under 42 U.S.C. §1983 (which he appears to realize, as illustrated by another of his motions that the court will address). Of course, the petitioner cannot file such a civil lawsuit until he has paid the $1,000 sanction imposed by the Seventh Circuit; the petitioner has not provided this court with any evidence that he has done so.

Third, the petitioner cites 28 U.S.C. §1443 in asking this court to remove the two state criminal cases to federal court. Although that statute governs the removal of criminal prosecutions from state to federal court, it has two operative subsections. Section 1443(1) permits removal to federal court of a state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Section 1443(2) is "available only to federal officers and to

32

persons assisting such officers in the performance of their official duties." City of Greenwood v. Peacock, 384 U.S. 808, 815 (1966).

To remove his state criminal cases to this court under 28 U.S.C. §1443(1), the petitioner must show that (a) the rights he seeks to protect arise under a law "providing for specific civil rights stated in terms of racial equality," and (b) he is unable to enforce those rights in state court. See Georgia v. Rachel, 384 U.S. 780, 792, 800 (1966). Concerning the first prong of this test, "general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice." Fenton v. Dudley, 761 F.3d 770, 773 (7th Cir. 2014). The rights that the petitioner asserts (such as double jeopardy and speedy trial rights) are generally applicable constitutional provisions and do not arise from a federal law protecting civil rights based on race. And as the court has stated, the petitioner has not shown that he cannot enforce his rights in the state court with respect to Case No. 24CF261. With respect to Case No. 21CF16, judgment has been entered and it is not clear what proceedings the petitioner wants "removed" to this court other than an opportunity to challenge the post-revocation judgment—which he is trying to do through this federal habeas petition. And that is in addition to the fact that Judge Stadtmueller already has ruled that Case No. 24CF261 cannot be removed from state court to federal court. This court has no reason to disturb Judge Stadtmueller's ruling.

Fourth, the petitioner has "procedurally defaulted" on his argument that he was entitled to a jury trial before being revoked in Case No. 21CF16. "In

33

general, federal courts cannot review on petition for writ of habeas corpus questions of federal law that have not been properly presented to the state court." Willias v. Aiken, 8 F.3d 556, 560-61 (7th Cir. 1993). The Supreme Court decided Jarkesy on June 27, 2024—three months before the petitioner's probation was revoked. He could have raised that argument in the revocation proceedings. The Wisconsin Court of Appeals' decision shows no evidence that he did so.

Fifth, the petitioner's request that this court order that the proceedings in 24CF261 be stayed and he be kept in the Ozaukee County Jail until this court resolves his various motions is yet another way of asking the court to enjoin the state proceedings, and to interfere with the Ozaukee County Circuit Court prosecution.

Finally, the purpose of filing a *habeas* petition is for a detained or incarcerated person to seek release from unlawful detention or custody. The petitioner has elected to file such a petition under §2254, so to obtain relief, he must follow the procedures prescribed by that statute and the accompanying rules. Under the Rules Governing Habeas Corpus Cases Under Section 2254, a court first must screen a §2254 petition. If the court finds that the petitioner has stated a claim cognizable on *habeas* review, it orders the respondent to file an answer or otherwise respond. Once the respondent has responded, the court sets a schedule for the parties to brief the issues. Once briefing has concluded, the court decides whether a hearing is necessary, then issues a ruling on the merits. The petitioner cannot short-circuit that process by simply

34

filing a motion asking the court to grant him the same relief he seeks in his §2254 petition.

**V.    Petitioner's Motion for Order Declaring Loss of Competency by Ozaukee County Circuit Court (Dkt. No. 18)**

On June 23, 2025, the petitioner filed a "Motion for Order Declaring Loss of Competency by Ozaukee County Circuit Court." Dkt. No. 18. The petitioner asserts that on May 29, 2025, the State served him with 989 pages of discovery; he says that this happened two days before his trial was scheduled to start in Case No. 24CF261, and eleven and a half months after he'd made a speedy trial demand in that case. Id. at 1. He says that this "discovery dump" was "part of a long-set plan to perform 'trial by ambush' of an unrepresented criminal defendant unfamiliar with trial procedures." Id. The petitioner asserts that his speedy trial deadline passed on November 2, 2024, and that on November 17, 2024 he filed a motion for dismissal of Case No. 24CF261 with prejudice. Id. at 2. He says that the trial court "concocted a ludicrous excuse" to deny that motion. Id. The petitioner asserts that "[a]t that moment in November 2024 when court denied said motion," the Ozaukee County Circuit Court "lost all competency to proceed to trial, but did so anyway." Id. He alleges that the trial took place despite "dozens of motions and objections," and he asserts that the result of the trial is "null and void for lack of court competency." Id.

The petitioner alleges violations of his speedy trial rights as calculated in a couple of different ways, alleges that his due process rights were violated and asserts that the "discovery dump" shows that any delay was the State's fault.

35

Id. at 3. He maintains that the Ozaukee County Circuit Court "lost jurisdiction and competency no later than May 29, 2025 and the trial and the trial results, are null and void." Id. at 3. And he maintains that even if he were to receive a new trial, any retrial "would be impermissible based on constitutional Speedy Trial time limit exhaustion." Id. at 3-4. He reasons that the only "valid remedy going forward is dismissal with prejudice." Id. at 4.

The petitioner asks the court to order that the Ozaukee County court lost jurisdiction and competency no later than May 29, 2025, to order that the state trial court lacked personal jurisdiction and competence to proceed to trial on June 2, 2025, to order that the finding of guilty and judgment of conviction in 24CF261 are of no force or effect, to enjoin the State of Wisconsin "from re-filing 24CV261 and re-charging any act alleged in the criminal complaints of both 21CF16 and 24CF261" and to enjoin the Department of Corrections from "any punitive action of any kind, civil and criminal, arising in any way from the charging of 24CF216 or any underlying alleged act." Id.

Again, the petitioner is asking this federal court to interfere in an ongoing state court case. Section 2254, as the court explained to the petitioner in its screening order, is "the exclusive avenue of relief for a petitioner seeking release by challenging a *completed state judgment of conviction*." Dkt. No. 8 at 7 (citing Schuenke v. Jewell, Case No. 23-CV-935, 2023 WL 7112857, *2 (E.D. Wis. Oct. 27, 2024)). The only "completed state judgment of conviction" is the judgment in Case No. 21CF16. There *is* no "completed state judgment of conviction" in Case No. 24CF261, because that case remains pending. Until

36

that case is completed and the petitioner has litigated it through the Wisconsin Court of Appeals and the Wisconsin Supreme Court, he cannot seek §2254 relief in that case. The petitioner can raise any constitutional claims in that case (including any speedy trial claims) before the Wisconsin courts.

Further, the petitioner's argument that the Ozaukee County Circuit Court somehow "lost" competence when it denied his speedy trial motion has no merit. "A court of competent jurisdiction is a court with the power to adjudicate the case before it." Lightfoot v. Cendant Mortgage Corp., 580 U.S. 82, 91 (2017). The Ozaukee County Circuit Court has the power to adjudicate Wisconsin state-law stalking charges. The fact that it ruled against the petitioner on a legal matter did not deprive it of the authority to adjudicate his case.

Finally—and again—the petitioner's request is another way of asking this court to remove Case No. 24CF261 to this federal court, a request Judge Stadtmueller has denied.

The court will deny this motion.

## VI.     Petitioner's Motion for Order Declaring Probation Revocation Null, Void and Vacated (Dkt. No. 19); Petitioner's Motion for Order Declaring Wisc. Stat. § 973.10(2) and Associated Admin. Code Unconstitutional Per Jarkesy (Dkt. No. 26)

In another of the many motions the court received from the petitioner on June 23, 2025, the petitioner asks the court to declare his probation revocation "null, void and vacated." Dkt. No. 19. This motion relies on the Supreme Court's decision in Jarkesy, which (as the court has discussed) the petitioner interprets to hold that revocation hearings must be conducted by an Article III

37

judge. Id. at 1. He argues that the December 20, 2023 revocation judgment in 21CF16 is "nothing aside from a double jeopardy involving contumacious sentence entered without competence." Id. at 2. He requests orders

> (1) Declaring the Revocation Decision null, void and vacated, and

> (2) Determining that the factual predicates in 21CF16 to render the Revocation and SARJOC ARE <u>NOT</u> DISABLED as predicates for Double Jeopardy protection, regardless of the Flowers and Verstoppen decisions[5] and

> (3) That to whatever extent facts used to produce the revocation and SARJOC were used to produce a guilty verdict in State v. Leventhal 24CF261, such facts invoke double jeopardy and cause to set aside the verdict in 24CF261 and dismiss that case with prejudice.

Id.

In an additional June 23, 2025 motion, the petitioner again relies on the <u>Jarkesy</u> decision, but this time asks the court to declare the Wisconsin probation revocation statute unconstitutional. Dkt. No. 26. He reiterates his reading of <u>Jarkesy</u> as holding that "where a private right is at stake, the matter <u>MUST</u> be adjudicated by an Art. III judge as the law finder and jury as the fact finder, even if such proceedings are labelled [sic] 'civil,' as the 7th Amendment mandates." Id. at 2. He asserts that Wisconsin's practice of revoking supervision without trial has been in use for decades; he says that "[i]t is an absolute statistical certainty that far more than 50% of the individuals revoked under this law, are racial minorities, mostly black and mostly unable to afford a lawyer or to cope intellectually with the applicable rules, for want of sufficient

---

[5] The motion does not provide citations or full case names for the "Flowers" and "Verstoppen" decisions.

education and no other cause." Id. He alleges that the purpose of this practice is to drive election campaigns and to make money for prisons and related ventures. Id. at 3. The petitioner repeats his assertion from another motion—that "[t]his scheme is a foul echo of Antebellum Slavery, afflicted upon the great, great grandchildren of black slaves kidnapped from Africa to pre-civil war America." Id. He asks the court to declare Wis. Stat. §973.10(2) and the related administrative code unconstitutional, enjoin their enforcement, direct a magistrate judge to draft a report and recommendation "establishing a streamlined procedure in simple English and Spanish, for every Wisconsin inmate and prisoner to apply to a designated court for a writ of habeas corpus under facts and circumstances encompassed here," command every Wisconsin prison warden and county sheriff to distribute the "streamlined" procedure to every "eligible detainee," command the Department of Corrections to do the same and prohibit retaliation by Wisconsin employees against any individual who seeks relief under the procedures. Id. at 4.

The court will deny these motions. As for the petitioner's motion asking the court to declare his probation revocation proceeding and judgment "null and void," the court has explained that the petitioner has procedurally defaulted on that claim; he could have raised his Seventh Amendment claim (the Jarkesy claim) during his revocation proceedings, because the Supreme Court issued that decision three months before his probation was revoked. To the extent the petitioner is asking the court to nullify the 24CF261 judgment so that he can obtain the relief that he seeks in the instant habeas petition, the

39

court has explained that he cannot obtain that relief by motion and must follow the §2254 procedures. He cannot obtain his release from custody simply filing a motion asking the court to declare void the judgment he challenges in his §2254 petition. As for the motion asking the court to declare Wis. Stat. §973.10(2) unconstitutional, the same is true—the petitioner is challenging his revocation under that statute through the §2254 petition. He cannot obtain the same relief in a different way by filing a motion.

Finally, many years ago the Wisconsin Supreme Court upheld §973.10(2) as constitutional. State v. Horn, 226 Wis.2d 637 (Wis. 1999). The petitioner has not challenged that ruling in state court—something he can do in Case No. 24CF261.

## VII. Petitioner's Motion for Court Issued Interrogatory Upon Respondents (Dkt. No. 23); Petitioner's Motion for Court-Issued Civil Investigative Demand Under 18 USC §1968 (Dkt. No. 24)

The petitioner's June 23, 2025 motion for court-issued interrogatory suggests that the court "will save great deal of time in this case, by directing Respondents to answer one question with respect to documents and testimony at the trial in" Case No. 24CF261:

> COURT: "Where in the "proof" adduced as trial evidence is there proof of a single instance where [the petitioner] committed any act proscribed in 940.32(1)(a) which resulted directly in fear of serious injury or death, where such fear was reported in testimony at trial?" (or in any other context?)
> RESPONDENTS, IF ANSWERING WITH FIDELITY TO TRIAL RECORD, CAN ONLY ANSWER: "Nowhere"

Dkt. No. 23 at 1. He says that answer shows that the elements of the state stalking offense were not proven beyond a reasonable doubt at the 24CF261

40

trial. Id. at 1-2. He asserts that the "fear of serious injury or death" provision is an element of the offense which was not proven. Id. at 2. The petitioner maintains that the trial judge "induced the guilty verdict by telling the jury that the law is something the law is not." Id. He says that this nullified the jury, so that he was effectively deprived of his right to a jury trial. Id. He concludes by saying that this court "would be abundantly justified to grant [the petitioner's] motion to set aside the verdict, from spending five minutes at an evidentiary hearing on the topic queried in paragraph (1) above." Id. at 3. He says that the state court will not do so. Id.

In his June 23, 2025 motion for "Court-Issued Civil Investigative Demand . . . pursuant to 18 U.S.C. § 1968," the petitioner says that the record shows a long-standing pattern of denial of constitutional rights "willfully done by these Respondents not only to petitioner [ ], but also in a race and class-based discriminatory manner, contrary to 18 U.S.C. §§241 and 242." Dkt. No. 24 at 1. Id. He asserts that there are two classes of defendants in Ozaukee County: (1) donors to the Republican Party of Ozaukee County and (2) everyone else, "which encompasses in the vast majority, those who are poor and black." Id. The petitioner estimates that "of all those Ozaukee County criminal defendants revoked over at least the past 30 years, no less than 75% are poor and black and that no more than 2% are white Republican political donors." Id. at 1-2. The petitioner asserts that the respondents make money every time someone is "put through revocation and prison." Id. at 2. He asks that the court "direct a magistrate judge to study the issue, with assistance from federal

41

law enforcement, and issue a Report + Recommendation to the Court as to whether or not a Civil Investigative Demand be made by the court." Id.

The court will deny both motions. The motion regarding the proposed interrogatory is, yet again, an attempt to attack the verdict, judgment and sentence in Case No. 24CF261, as well as an attempt to circumvent the *habeas* procedures. The court has explained that it cannot enjoin that ongoing state criminal proceeding, that the petitioner has not exhausted his state remedies in that case and that he cannot obtain relief in that case by filing a motion. As for the motion for a civil investigative demand, 18 U.S.C. §1968 allows the *Attorney General* to issue a civil investigative demand whenever the *Attorney General* has reason to believe that any person or enterprise "may be in possession, custody, or control of any documentary materials relevant to a racketeering investigation." The procedures outlined in §1968 are available to the Attorney General—not the petitioner, and not this federal court.

## VIII. Petitioner's Motion for Screening Order (Dkt. No. 27); Petitioner's Motion to Delay Screening Order (Dkt. No. 29)

In another of the June 23, 2025 motions, the petitioner asked the court for a screening order "As To 42 U.S.C. § 1983 Basis for Claims." Dkt. No. 27. The petitioner explains (unnecessarily) that he has a history of filing legal claims *pro se*; he says that because he's not a trained lawyer, "very often such claims have not been clearly expressed, resulting in a waste of court time and resources." Id. at 1. He says that "[f]or the sake of judicial economy," and after the court has been "fully informed of the major facts," the court "consider the question as it would in a de novo screening process, as to whether or not

42

sufficient facts are alleged here to at least get past the screening process if the court were to be presented with the same facts in a de novo complaint under 42 U.S.C. §1983." Id. at 1-2.

Three days later, the court received from the petitioner a motion advising the court that in no more than seven days, he would be filing a document "which closes the loop on at least two subjects relating to the subject matter habeas petition: (1) EQUAL PROTECTION ISSUES (2) BAD FAITH PRETEXTUAL VINDICTIVE PROSECUTION TO CHILL EXERCISE OF PROTECTED POLITICAL SPEECH (having nothing to do with using courts as a revenge tool in a divorce-gone-bad)." Dkt. 29 at 1. He says that the document he's going to file is his Wis. Stat. §974.02 post-conviction motion, which he says he plans to file simultaneously in Ozaukee County and federal court "to preserve [his] standard in-state appellate rights." Id. at 1-2. The petitioner says that he does not expect any relief from Judge Kenitz. Id. at 2. The petitioner asks the court to delay its screening order until he has filed this document and the court has had a chance to review it. Id.

On July 3, 2025, the petitioner filed a letter, explaining that there had been a "bottleneck" in the law library for word processing, delaying his submission. Dkt. No. 30. He said that he intended his next submission "to simplify all the requests [he has] made in this matter, into one, as to the impeding state court Motion for Post-Conviction Relief in 24CF261 . . . ." He stated what he titled a "simplified" request: "Will this federal court, whether under 2254, 1443(1) or other applicable authority, remove adjudication of the

43

said state court Motion for Post-Conviction Relief, to this federal court?" Id. He advised the court that one of the things he'd be asking for in the post-conviction motion was a declaration that Case Nos. 21CF16 and 24CF261 had been deemed merged into one. Id. On July 18 and 21, 2025, the court received over 140 pages of documents from the petitioner, including a fifty-three-page Wis. Stat. §974.02 post-conviction motion in Case No. 24CF261 and a motion to set aside the verdict in the same case. Dkt. Nos. 34, 34-1, 35.

The court will deny both motions. The first—the motion for a screening order—asks the court to issue what is known as an "advisory opinion." The petitioner asks the court to imagine that, instead of filing a *habeas* petition under §2254, he had filed a civil rights lawsuit under 42 U.S.C. §1983. He asks the court to "screen" that imaginary complaint, and advise him whether any of his claims would get past the screening process. An Article III court cannot engage in this exercise. "[U]nder Article III, a federal court may resolve only 'a real controversy with real impact on real persons.'" TransUnion LLC v. Ramirez, 594 U.S. 413, 424 (2021) (quoting Am. Legion v. Am. Humanist Assn., 588 U.S. 29, 87 (2019)). "'[F]ederal courts do not issue advisory opinions.'" Cellco Partnership v. City of Milwaukee, 140 F.4th 854, 861 (7th Cir. 2025) (quoting Ramirez, 594 U.S. at 424). And in any event, as the petitioner knows, he cannot file a §1983 lawsuit until he demonstrates that he has paid the $1,000 sanction imposed by the Seventh Circuit.

As for the petitioner's request that the court delay screening his amended *habeas* petition until it had received his state post-conviction motion, that

44

request now is moot. In under two months, the petitioner has filed an amended petition, sixteen motions, multiple letters, affidavits, briefs and over 140 pages of other documents. It has taken the court this long to address the deluge of motions and other documents the petitioner has filed, much less to screen his amended petition. And as for the petitioner's question—"Will this federal court, whether under 2254, 1443(1) or other applicable authority, remove adjudication of the said state court Motion for Post-Conviction Relief, to this federal court?"—the answer should be clear: No, it will not.

## IX. Screening the Amended Complaint (Dkt. No. 9)

Rule 4 of the Rules Governing § 2254 proceedings provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order."

> A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

45

Smith v. Richardson, Case No. 18-cv-666, 2019 WL 252038, at *1 (E.D. Wis. Jan. 17, 2019).

The court also must consider whether the petitioner filed within the limitation period, exhausted his state court remedies and avoided procedural default. Generally, a person incarcerated under a state court judgment must file his *habeas* petition within one year of that judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, as the court has explained, he must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). Finally, even if a petitioner has exhausted a claim, the district court still may be barred from considering that claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan, 526 U.S. at 848; Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

The amended petition states that "the custody challenged here is extended supervision/community custody in a case under which the term of incarceration has been already served—Ozaukee Case No. 21CF16." Dkt. No. 9 at 1. In the amended petition, the petitioner lists his date of sentencing as December 15, 2023, and explains that he received eighteen months in custody (which he states that he already has served) and two years of supervised release (which he states that he has not yet begun). Id. at 2. He says that he entered a no contest plea to one count of stalking. Id. He does not say whether he appealed his conviction; he says that he appealed the *revocation of his*

46

*probation* on the ground that his revocation should have been decided by a jury before an Article III judge and that "double jeopardy violation arises from nullification of revocation." Id. at 3.

In the body of the amended petition, the petitioner raises four grounds for relief: (1) absolute litigation privilege; (2) probation revocation without a jury trial in violation of the Sixth and Seventh Amendments; (3) double jeopardy; and (4) denial of due process. Id. at 6-9. In the section titled "Request for Relief," the petitioner wrote:

> (1) Declare that 21CF16 and 24CF261 are actually the same case, same cause of action and that 24CF251 is a fraud on the court deceptively labelled [sic] to produce an an [sic] illegal scheme to deprive due process; and (2) Declare that Absolute Litigation Privilege bars both cases entirely; (3) Declare that the probation revocation is an unconstitutional nullity; and therefore Sentence After Revocation is nullified including unserved Extended Supervision. (4) Declare revocation statute 973.10(2) Unconstitutional. (5) order discharge [the petitioner] from custody in both cases.

Id. at 12.

At the outset, it appears that the petitioner may be trying to attack both his original conviction for stalking in Case No. 21CF16 *and* the revocation of his probation in that case. In support of the "absolute litigation privilege" claim he asserts in Ground One, the petitioner says:

> Absolutely nothing is alleged in this case, except that I made non-threatening written submissions and statements in judicial proceedings. There is no sworn testimony in the record. There is only my no-contest plea, given under extreme duress. At the time, my mother was at the end of life and I was in jail. D.A. offered immediate release in exchange for plea to felony. The way I saw it, I had no choice if I did not want my mother to die wondering where I was. Moreover the way I saw it and still see it—is that pleading no-contest to having filed non-threatening statements in a legal proceeding is

47

not the same thing as pleading guilty to an actual crime. There was no court-cognizable crime. The plea is meaningless.

Id. at 7. This appears to be a challenge to the petitioner's May 19, 2021 conviction and sentence in Case No. 21CF16. But the petitioner did not exhaust his state remedies regarding that conviction and the limitation period has expired, rendering this claim time barred.

The publicly available docket shows that the judgment of conviction was entered on May 21, 2021. Leventhal, Case No. 21CF16 (Ozaukee County Circuit Court), available at wcca.wicourts.gov. As the court has recounted, the petitioner appealed, and in a decision dated March 29, 2023, the Wisconsin Court of Appeals rejected his claims and affirmed the conviction. In its opinion affirmed the revocation of his probation, the Court of Appeals stated that a "few months later," the petitioner filed a Wis. Stat. §974.06 post-conviction motion, that the circuit court summarily denied the motion and that the petitioner did not appeal that order. Leventhal, 2025 WL 97836, *1. From the publicly available state docket, it looks as if the petitioner may have filed his post-conviction motion on July 24, 2023, and that the court denied it on September 1, 2023. Leventhal, Case No. 21CF16 (Ozaukee County Circuit Court), available at wcca.wicourts.gov. The petitioner had twenty (20) days to appeal that decision, Wis. Stat. §809.30(2)(B)—until September 21, 2023.

The court has explained that for a petitioner to be able to challenge a state-court conviction in a federal *habeas* proceeding, the petitioner must "exhaust" his state remedies by presenting his claims at each of the three levels of state courts—the circuit court, the Court of Appeals and the Wisconsin

48

Supreme Court. The petitioner did not appeal the circuit court's denial of his post-conviction motion to the Wisconsin Court of Appeals or the Wisconsin Supreme Court, which means he did not exhaust his state remedies. As for timeliness, under §2244(d)(1) of Title 28, a petitioner must file his federal *habeas* petition within one year of the date on which the judgment became final "by the conclusion of direct review or the expiration of the time for seeking such review." The petitioner filed this federal petition on April 10, 2025—eighteen months and three weeks after the deadline for appealing expired, and over six months after the one-year deadline set by 28 U.S.C. §2244. The petitioner may not proceed on Ground One.

In contrast, the petitioner's challenge to his post-revocation judgment appears to be timely. The Wisconsin Court of Appeals affirmed the judgment on January 15, 2025, and the Wisconsin Supreme Court appears to have denied the petitioner's petition for review on February 12, 2025. State v. Leventhal, 18 N.W.3d 719 (Table) (Wis. 2025). With respect to the post-revocation judgment, the petition appears to have been filed within the one-year limitation period under 28 U.S.C. §2244(d)(1)(A).

But the petition as to that claim is deficient. As an initial matter, it appears that the petitioner did not raise the arguments—as styled in the petition—in his state appeal of the revocation judgment. The grounds that he cites in his federal petition are different from those listed in the Wisconsin Court of Appeals decision. According to the Wisconsin Court of Appeals, the

49

petitioner raised the following arguments on appeal from the post-revocation judgment:

> his plea on the stalking charge was coerced; venue on the stalking conviction was improper; the circuit court's handling of the stalking conviction lacked competence; his prosecution was illegally based on him filing lawsuits; he should not have been prosecuted for stalking based on the First Amendment; and the stalking statute does not cover his actions. He also raises a number of claims challenging his post-revocation sentence, including: the court failed to consider the proper sentencing factors; it imposed a grossly disproportionate sentence that exceeded the maximum penalty; and it imposed travel and lawsuit filing restrictions that were too broad.

Leventhal, 2025 WL 97836, *1. The arguments he raises in the instant petition are: absolute litigation privilege, violations of the Sixth and Seventh Amendments, double jeopardy and due process. The Wisconsin Court of Appeals addressed the petitioner's claims of error only as to the post-revocation sentence, concluding that his challenge to the post-revocation sentence did not bring the original judgment of conviction before the court. Id. So, the state appellate courts have not been given the opportunity to rule on the claims the petitioner raises here. He has not "exhausted" those claims.

Even if the petitioner had exhausted the claims he has brought in federal court, a court cannot grant a *habeas* petition unless the state court's merits adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). This provision "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Harrington v. Richter, 562 U.S. 86, 102–03 (2011)

50

(quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

The court has held that the petitioner cannot proceed on Ground One because he has not exhausted that claim and it is time barred. Even if the petitioner had exhausted that claim and had timely filed it, however, his privilege argument is without merit. In Ground One, the petitioner asserts something called "absolute litigation privilege," and says that he did nothing more than make non-threatening written submissions and statements in judicial proceedings. Dkt. No. 9 at 6. But the case he cites, Steffes v. Stepan Company, 144 F.3d 1070 (7th Cir. 1998), is a civil case arising under the Americans with Disabilities Act in which the Seventh Circuit held that the Illinois absolute litigation privilege does not extend to create a federal privilege. There is no "absolute litigation privilege" that warrants relief.

In Ground Two, the petitioner argues that his revocation proceedings violated the Sixth and Seventh Amendments because the revocation proceeding did not involve an Article III judge or a jury trial. Dkt. No. 9 at 7. The court has explained that the petitioner bases this argument on the Supreme Court's decision in Jarkesy, 603 U.S. 109 (2024). Again, the petitioner could have raised this argument in his revocation proceedings but did not. And Jarkesy holds that the Seventh Amendment to the United States Constitution entitles a defendant to a jury trial when the Securities and Exchange Commission imposes civil penalties on a defendant for committing securities fraud. Id. at 120-21. It says nothing about revocation proceedings. As the court has

51

explained, the Wisconsin Supreme Court has upheld §973.10(2) as constitutional. Horn, 226 Wis.2d 637. The petitioner has not challenged that ruling in state court—something he can do in Case No. 24CF261. The court is not aware of any authority that requires a jury or an Article III judge to preside over a state revocation hearing or that otherwise extends the Seventh Amendment to the states. The court will dismiss Ground Two.

In Ground Three, the petitioner argues that he has been subjected to "triple jeopardy" because his revocation judgment was based on nothing beyond the original judgment, and asserts that Case Nos. 21CF16 and 24CF261 are not separate cases. Dkt. No. 9 at 8. The Wisconsin Court of Appeals held that the "case law is settled that revocation is not considered punishment with the meaning of double jeopardy." State v. Leventhal, Case No. 2024AP1665-CR, 2024 WL 4554380, at *2 (Wis. Ct. App. Oct. 23, 2024).

> As we explained in *State v. Verstoppen*, 185 Wis. 2d 728, 736-37, . . . (Ct. App. 1994), the imposition of a sentence after revocation is not the imposition of a new punishment but rather is a continuing consequence flowing from the original conviction. " 'The sentence [a probationer] is required to serve upon revocation is the *punishment for the crime of which [the probationer] has previously been convicted'* and [only] involves changing the manner of serving the previously imposed sentence." *Id.* (quoted source omitted). Probation revocation is not a criminal proceeding "designed to punish a defendant for [the] newly charged wrong ...." *Id.* at 736.

Id., at *2. The Seventh Circuit similarly has rejected the argument that revocation constitutes punishment for double jeopardy purposes. Diehl v. McCash, 352 F. App'x 99, 101 (7th Cir. 2009). The petitioner has not stated a viable double jeopardy claim. See Mays v. Thoreson, Case No. 18-cv-1769,

52

2019 WL 3281269, at *4 (E.D. Wis. July 18, 2019). And the court has explained—repeatedly—that it has no authority to declare Case Nos. 21CF16 and 24CF261 the same case (even if it had reason to believe that they were, which it does not). The court will dismiss Ground Three.

In Ground Four, the petitioner articulates a theory that by charging him in 24CF261, the State was able to "create a methodology for nullifying the appeal of 21CF16." Id. at 10. The decision the petitioner attached to the amended petition shows, however, that the petitioner had an opportunity to appeal both the original judgment in Case No. 21CF261and his post-revocation judgment. Dkt. No. 9-2; Leventhal, 2025WL 97836, at *1. In the original appeal of the conviction in Case No. 21CF16, the Wisconsin Court of Appeals found no basis to vacate the petitioner's no contest plea, and in his appeal of the revocation judgment, the court rejected his second attempt to attack that judgment because the second appeal was an appeal of the post-revocation judgment, not an appeal of the original conviction. Id. The petitioner's argument that the new, 2024 charge somehow "nullified" the petitioner's appeal in the 2021 case is belied by the record and makes no sense. Because the petitioner has not identified a due process violation in Case No. 21CF16 (the subject of this petition), the court will dismiss Ground Four, deny the petition and dismiss this case.

## X.    Summation

This is an attempt to circumvent court orders denying the petitioner's requests to remove a pending state criminal case to federal court, declining to

53

intervene in an ongoing state criminal prosecution and attempting to circumvent *habeas* rules and procedures. The petition is premature as to Case No. 24CF261 and lacks merit as to 21CF16. For those reasons and the others stated in this opinion, the court will dismiss the amended *habeas* petition.

## XI.    Certificate of Appealability

Rule 11(a) of the Rules Governing §2254 Cases provides that a district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant." "A certificate of appealability may issue [in a *habeas corpus* proceeding] only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the petitioner has not made a substantial showing of the denial of a constitutional right, the court will not issue a certificate of appealability.

## XII.    Conclusion

The court **DENIES the** petitioner's Motion to Deem Both State Cases Merged for Purposes of this Habeas Petition. Dkt. No. 10.

The court **DENIES** the petitioner's Motion for Preliminary & Permanent Injunctive Relief Pursuant to 28 U.S.C. § 65 or Other Applicable Law. Dkt. No. 13.

The court **DENIES the** petitioner's Letter Request to Court to Stay All Rulings in Captioned Case Subject to Amended Motion for Injunctive Relief. Dkt. No. 14.

The court **DENIES** the petitioner's Verified Motion for Removal Warrant Under 28 U.S.C. §1443(1). Dkt. No. 17.

The court **DENIES** the petitioner's Motion for Order Declaring Loss of Competency by Ozaukee County Circuit Court. Dkt. No. 18.

The court **DENIES** the petitioner's Motion for Order Declaring Probation Revocation Null, Void, and Vacated. Dkt. No. 19.

The court **DENIES** the petitioner's Motion for Order Declaring That Two Wisconsin Criminal Cases Are Actually a Single Case Fraudulently Labeled as Two Cases. Dkt. No. 20.

The court **DENIES** the petitioner's Motion for Preliminary Injunction. Dkt. No. 21.

The court **DENIES** the petitioner's Verified Motion for Elder Adult At-Risk Anti-Harassment Injunction Modeled Upon Wisc. Stat. §813.123. Dkt. No. 22.

The court **DENIES** the petitioner's Motion for Court-Issued Interrogatory Upon Respondents. Dkt. No. 23.

The court **DENIES** the petitioner's Motion for Court-Issued Civil Investigative Demand Under 18 U.S.C. §1968. Dkt. No. 24.

The court **DENIES** the petitioner's Motion for Order Declaring Wis. Stat. §973.10(2) and Associated Admin. Code Unconstitutional Per Jarkesy. Dkt. No. 26.

The court **DENIES** the petitioner's Motion for Screening Order As To 42 U.S.C. §1983 Basis for Claims. Dkt. No. 27.

The court **DENIES AS MOOT** the petitioner's Request for Delay of Screening Order. Dkt. No. 29.

The court **DENIES** the petitioner's Verified Motion for Temporary Restraining Order Pursuant to Fed. R. Civ. P Rule 65(b). Dkt. No. 31.

The court **DENIES** the petitioner's Motion for Declaratory + Injunctive Relief. Dkt. No. 33.

The court **DENIES** the petitioner's amended petition for writ of *habeas corpus*, dkt. no. 9, and **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of July, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

56