UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HOWARD E. LEVENTHAL,

        Petitioner,

v.                                        Case No. 25-cv-525-pp

CHRISTY KNOWLES,

        Respondent.

**ORDER DENYING PETITIONER'S MOTION TO ALTER JUDGMENT (DKT. NO. 40)**

On April 10, 2025, the petitioner filed a four-page petition for writ of *habeas corpus*, referencing two Ozaukee County Circuit Court cases: a conviction in Case No. 21CF16 in which his sentence of probation had been revoked, and an ongoing criminal prosecution in Case No. 24CF261. Dkt. No. 1. After the court screened the petition, the petitioner filed an amended petition under §2254 purporting to challenge only the completed conviction in Case No. 21CF16 but asking for relief in both the completed 2021 case *and* the pending 2024 case. Dkt. No. 9.

On July 30, 2025, this court denied the petitioner's amended *habeas* petition in a fifty-six-page decision and dismissed the case with prejudice. Dkt. No. 37. The court determined that the petitioner had not exhausted his remedies regarding his conviction and sentence in Case No. 21CF16 and had not raised his constitutional claims in his appeal of his revocation judgment.

1

Dkt. No. 37 at 48-49. The court explained that even if the petitioner had exhausted the claims he had brought in federal court, the decision of the state court was not an "unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." Id. at 50.

On August 11, 2025, the court received the petitioner's motion to alter judgment asking the court to "strike down" the Wisconsin revocation statute and discharge him from custody on the revocation judgment. Dkt. No. 40. The court later received from the petitioner a letter purporting to supplement his motion. Dkt. No. 41. The court will deny the motion.

The petitioner filed his motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), which allows a party to move to alter or amend a judgment within twenty-eight days of the entry of judgment. To prevail under Rule 59(e), the petitioner must present either newly discovered evidence or establish a manifest error of law or fact." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000).

The petitioner argues that there is one issue in the court's decision that the court "did not interpret correctly based on established precedent." Dkt. No. 40 at 2. Citing SEC v. Jarkesy, 603 U.S. 109, 140 (2024), the petitioner asserts that a jury should have decided whether to revoke his probation in Ozaukee County Case No. 21CF16. Id. He asks the court to discharge him from custody (and extended supervision) and to rule that Wisconsin's revocation statute, Wis. Stat. §973.10(2), and Admin. Code HA2.0 are unconstitutional. Id. at 10. According to the petitioner, the Supreme Court's logic in Jarkesy "establishes

disturbing similarities between administrative enforcement actions as all these currently referenced types of revocations are, and the rationale of British colonizers used for railroading countless individuals into prison without due process, in the context of 'enforcement actions' during the pre-Revolutionary War period." Id. at 4. He argues that "every one of Wisconsin's probation revocations of the last fifty years" is "nothing more than grossly improper, unconstitutional Double Jeopardy-violating pile-on criminal punishments." Id.

In his letter supplementing his motion, the petitioner says that there are two distinct issues regarding Wisconsin revocations:

> (1) Is it valid to assert that 'revocation is not considered punishment within the meaning of double jeopardy' and (2) Are Wisconsin revocation procedures unconstitutional?

Dkt. No. 41 at 1. He argues that Jarkesy addresses only the second argument but provides the basis for his argument that Wis. Stat. §973.10(2) must be struck down. Id. at 1.

The petitioner raised—and this court considered—these same arguments in a motion for injunctive relief, dkt. no. 13, and in his amended petition, dkt. no. 9. The court found that the petitioner had failed to raise this issue in the state courts on appeal from his revocation proceeding. Dkt. No. 37 at 39. The petitioner does not challenge the court's finding that he procedurally defaulted his claim and he has not shown that the court committed a manifest error of law. The petitioner has not cited any authority supporting his argument that Jarkesy—which considered whether the SEC's authority to assess civil monetary penalties in its administrative proceedings violated the

3

Seventh Amendment—applies retroactively to state revocation proceedings. Moreover, the Wisconsin Supreme Court has upheld Wisconsin's revocation statute as constitutional. Id. at 40 (citing State v. Horn, 226 Wis. 2d 637, 653 (Wis. 1999) ("Neither the federal constitution nor principles of due process require that probation revocation proceedings be conducted before a court.").

The court will not entertain further motions on this issue, particularly where the petitioner has procedurally defaulted his claim and is not entitled to *habeas* relief.

The court **DENIES** the petitioner's "Motion to Alter or Amend Judgment Under FRCP 59(e) – As to One Issue Only." Dkt. No. 40.

Dated in Milwaukee, Wisconsin this 10th day of October, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**